LEVI GREENLEAF *vs.* SAMUEL J. GALLAGHER.

Cumberland.　Opinion January 12, 1900.

*Sales. Delivery. Pleading.*

93　549
f94　121

93　549
98　467

1. An action for the price of goods sold and delivered cannot be maintained until delivery be proved. Proof of tender and refusal is not sufficient.

2. If delivery is unconditional, the plaintiff should receive the contract price and a verdict in his favor should stand.

3. If the delivery is conditional, then the price named in the condition only can be recovered; and a verdict otherwise for the plaintiff must be set aside as against law.

4. Actual delivery to, and acceptance by, the purchaser of the goods sued for is essential. The title to the goods may have passed subject only to the vendor's lien for the price, yet so long as that attaches this form of action does not apply.

5. The remedy in such case is breach of the contract of bargain and sale, where the rule of damages in favor of the vendor is not the contract price, but the difference between it and the value of the goods retained, for he should not keep the goods and have their price too.

*Held;* in this case, that an unconditional delivery of the goods, the price of which is sued for, is not proved; and the verdict for the same is therefore erroneous and must be set aside.

ON MOTION BY DEFENDANT.

The facts are stated in the opinion.

*L. Greenleaf*, for plaintiff.

*E. W. Whitehouse*, for defendant.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

HASKELL, J. Assumpsit for goods sold and delivered. The writ contains two counts. The first is for a book sold and delivered under special contract. The second is account annexed for the same. The verdict was for plaintiff for $36.92, and the defendant moves for a new trial.

The special contract is in writing of the following tenor:

"$35.00                                    Dec. 9th, 1895.

New England Magazine, Boston, Mass.:

Please send me one copy of your complete work entitled " Men of Progress," to be issued in one large royal octavo volume, with portraits and biographical sketches of representative men of the state of Maine, for which I agree to pay you or order the sum of Thirty-five Dollars upon issue of the part containing my sketch and portrait, and delivery of the photo-engraved plate of the portrait of myself. My photograph and data for sketch I promise to furnish within thirty days or pay the above-mentioned sum upon delivery of the work.

Name,        S. J. Gallagher.
Address,      Togus, Me."

That contract is to deliver one volume of "Men of Progress," containing defendant's sketch and portrait, he to furnish sketch and portrait within thirty days and pay thirty-five dollars upon issue of part containing the sketch and portrait, or the same upon delivery of the book.

The upshot of it is, that defendant, if he elects to furnish sketch and portrait, agrees to pay the thirty-five dollars when the "part" containing the same shall be issued; but if he does not furnish the sketch and portrait, then his payment is deferred until delivery of the book; but he is to pay anyhow.

The evidence shows that the defendant did not furnish the sketch and portrait, and that the book was left at his office, in his presence, without them. The only competent evidence of delivery is the defendant's own testimony, which is uncontradicted. He says that, when the book was tendered to him at his office, he at first refused to receive it, but a friend dropping in said to the agent: "Why don't you let him have it on the same conditions that he left mine, that he would take it at the publisher's prices. I said 'No,' at first, . . . . finally I consented that he should leave it on the same conditions. He says, 'I will leave it on those conditions, will I?' and I said, 'Yes, sir,' and nothing more was said about it really of any consequence. He left the book and went off, and the book is on the top of my desk and has never been opened."

This action cannot be maintained until delivery be proved. If unconditional, the plaintiff should receive the contract price, and the verdict must stand. If conditional, then the price named in the condition can only be recovered, and the verdict must be set aside as against law.

In actions for goods sold and delivered, "actual delivery to and acceptance by the purchaser of the goods sued for is essential." *Atwood* v. *Lucas*, 53 Maine, 508. The title to the goods may have passed, subject only to the vendor's lien for the price, yet so long as that attaches, this form of action does not apply. The remedy in such case is for breach of the contract of bargain and sale, where the rule of damages in favor of the vendor is not the contract price, but the difference between it and the value of the goods retained, for he should not keep the goods and have their price too. A vendor's lien presupposes that the title has passed, for the lien cannot attach to one's own goods. The delivery may have been sufficient to pass the title, but the possession is retained

to uphold the lien. *Merrill* v. *Parker*, 24 Maine, 89, is sometimes cited as against this doctrine, but on reference to the errata at the end of the volume it will be seen that the apparent dissenting opinion of SHEPLEY, J., is really the opinion of the court and upon which judgment was rendered, and which supports the doctrine of this opinion. Nor are we aware of any opinion of this court against it. Where the vendee may not maintain trover against the vendor for the goods, he should not have an action for the price, as goods sold and delivered, but damages only for the breach of the contract of bargain and sale. *Edwards* v. *Grand Trunk R. R.*, 54 Maine, 111. In *State* v. *Intoxicating Liquors*, 73 Maine, 278, *Merrill* v. *Parker* is cited to uphold the doctrine that the title to merchandise forwarded C. O. D. passed when the bargain was struck, and that case is again cited in *State* v. *Peters*, 91 Maine, 37, to the same doctrine, which is perfectly sound, but, by chance, the further apparent doctrine of *Merrill* v. *Parker*, is given in dictum not strictly accurate, that "the vendor could sue for the price." The two cases, *Wing* v. *Clark*, 24 Maine, 366, and *Chase* v. *Willard*, cited with *Merrill* v. *Parker*, sustain the doctrine of *State* v. *Liquors*, but not the dictum. They hold that, as the title passed when the bargain was struck, loss of the goods by fire and by theft, before actual delivery, fell upon the vendee.

To maintain this form of action, actual delivery and acceptance must appear. Tender and refusal will not do. *Moody* v. *Brown*, 34 Maine, 107 ; *Atwood* v. *Lucas*, 53 Maine, 508. In the latter case it is said: "It is laid down by Mr. Saunders that to support an action for goods sold and delivered, the plaintiff must prove not only such a delivery as will vest the property in the goods in the defendant, but such a delivery as will divest himself of all lien upon the goods and enable the defendant to maintain trover for them without paying or offering to pay for them. Saunders Pl. & Ev. 536." The same doctrine is indorsed in *Edwards* v. *Grand Trunk R. R.*, 54 Maine, 105 ; *Means* v. *Williamson*, 37 Maine, 556 ; *Pettengill* v. *Merrill*, 47 Maine, 109 ; *Gooch* v. *Holmes*, 41 Maine, 523.

In *Tufts* v. *Grewer*, 83 Maine, 412, the court says: "A tender

does not in our law transfer the title to the vendee. The facts show that the plaintiff was to retain title to the fountain until the price should be paid. But the defendant refused to make the partial cash payment called for by the terms of the sale, or to accept any possession or control of the property so that even an equitable title to the property did not pass to him."

Actual acceptance of delivery may sometimes be inferred from the conduct of the parties. " Silence and delay for an unreasonable time are conclusive evidence of acceptance. The burden of action is upon the buyer, and he must seasonably notify the seller of his refusal to accept the goods." *White* v. *Harvey*, 85 Maine, 212. See *Merrill Furniture Co.* v. *Hill*, 87 Maine, 18; *Goslen* v. *Campbell*, 88 Maine, 450.

In the case at bar, the book ordered was tendered to the defendant, who refused acceptance. It thereby did not become the property of defendant, and this action for goods sold and delivered cannot be maintained, except on the general count for goods sold and delivered, by virtue of defendant's acceptance of the book upon new terms then made him by plaintiff's traveling man, who tendered the book. Those terms were payment at the publisher's price. The evidence fails to disclose what that price was, and therefore the verdict cannot be said to rest upon the new contract. Indeed, the fair inference is that it does not, for the publisher's price for a single volume is not likely to be $36.92, including interest. If it be said that the new terms were unauthorized by the publishers and not binding upon them, although made by their agent, then defendant is not bound thereby, as no title to the book passed to him, because his acceptance under a void contract would be no acceptance. *Wood* v. *Finson*, 89 Maine, 459.

*Motion sustained. Verdict set aside.*